IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CRAIG BELT                                                                 PLAINTIFF

v.                               NO. 12-5248

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Craig Belt, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.       Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on December 2, 2009, alleging an inability to work since November 27, 2005, due to depression and a bipolar disorder. (Tr. 58, 61). For DIB purposes, Plaintiff maintained insured status through March 30, 2011.

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

(Tr. 13, 54). An administrative hearing was held on May 13, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 316-342).

By written decision dated June 7, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: status post closed head injury; left foot injury; and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant would be limited to performing work where interpersonal contact was incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete (unskilled).

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as an auto detailer. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on October 1, 2012. (Tr. 4-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be

AO72A
(Rev. 8/82)

supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined that Plaintiff was able to perform medium work with limitations. A review of the medical record revealed that Plaintiff sustained injuries in a motorcycle accident in September of 2010 that resulted in a dislocated hip and fractures of the left lower extremity that required surgical intervention. In January of 2011, Dr. Andrew D. Heinzelmann noted that Plaintiff may have a permanent peroneal nerve injury over the lateral aspect of his left lower leg. (Tr. 226). In March of 2011, Dr. Heinzelmann opined that Plaintiff could perform sedentary work. (Tr. 224). The record is void of an RFC assessment dated after Plaintiff's September of 2010 accident. The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's alleged left hip and leg impairments.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

AO72A
(Rev. 8/82)

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of February, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE